QUESTION:
Can the City of Coral Gables award a bid for slurry seals when there is only one bidder?
SUMMARY:
In absence of a charter provision and unless otherwise prohibited by city ordinance, a municipality is not required to take competitive bids in the purchase of commodities, and may accordingly accept a bid even though only one bid has been received.
According to your letter, the City of Coral Gables advertised for bids for slurry seals. Four parties were solicited by the city to pick up the plans and specifications and to enter a bid. Two sealed envelopes were subsequently received by the city and opened at a public commission meeting. One of the envelopes contained a bid of $50,000 from a responsible bidder; the other envelope contained a statement that the party was unable to bid. You inquiry is directed to whether the city, given the above circumstances, may accept the one bid received.
Part I of Ch. 287, F. S., establishes the competitive bidding requirement for the purchase of commodities by state agencies. The requirement set forth in part I, however, with the exception of s.287.055 (the Consultants' Competitive Negotiation Act), applies only to state agencies as defined by s. 287.012 as `any of the various state officers, departments, boards, commissions, divisions, bureaus, councils and other units of organization however designated.' Although counties, municipalities, and special districts are not included within the foregoing definition (see AGO's 077-22 and 074-7 holding that special districts and other separate statutory entities are not considered state agencies), counties and municipalities, as local public agencies, may utilize the state purchasing agreements and contracts negotiated by the Division of Purchasing of the Department of General Services in making their purchases. Section 287.042(2). These purchases, however, `under the provisions in the state purchasing contracts shall be exempt from the competitive bid requirements otherwise applying to their purchases.' Section287.042(2); see AGO 075-56. This office has previously stated that `[i]n the absence of any statutory requirement, a public body has no legal obligation to let a contract under competitive bidding or to award the contract to the lowest bidder.' Attorney General Opinion 071-366.
Thus, since the municipality is not subject to the competitive purchasing requirements of part I, Ch. 287, F. S. (except s.287.055), the purchase of a commodity such as slurry seals would be controlled by the provisions of the city charter which sets forth the municipality's powers and duties. An examination of the Charter of the City of Coral Gables which you forwarded to this office reveals several provisions relating to the execution of public works or improvements. Section 57 of the city charter requires all such contracts in excess of $2,500 to be awarded to the lowest bidder, after public advertisement and competition as may be prescribed by ordinance. The city commission has the authority to reject all bids and advertise again. Section 71 of the city charter sets forth the requirements for the publication with the notice for bids for the construction of the work or improvements. These provisions, however, appear to relate to services rather than the purchase of commodities. An examination of the city charter fails to reveal any provision which specifically requires competitive bidding in the purchase of commodities; moreover, no city ordinance which requires that there be more than one bid received has been brought to my attention. Any such requirement in the charter or the city ordinance would, of course, be controlling.
Therefore, since the competitive bidding requirements of part I of Ch. 287, F. S. (except s. 287.055), are not applicable to municipalities in the absence of an election by the municipality to participate in the state purchasing contracts and since the Charter of the City of Coral Gables does not require that there be more than one bid received, the city, in the absence of an ordinance to the contrary, may award the bid for slurry seals even though only one bid has been received. It should be noted, however, that if the construction or modification of the facilities requires professional services as set forth in s.287.055, the consultants' Competitive Negotiation Act, the municipality would be subject to any applicable competitive negotiation or other requirements of s. 287.055. See s.287.055(2)(b), which defines agency for the purposes of s. 287.055
as `the state or a state agency, municipality or political subdivision, a school district or a school board.' See also AGO 076-142 in which I concluded that municipalities and other nonstate agencies are still subject to the notice requirements and the competitive selection and negotiation requirements of s.287.055.
Prepared by: Joslyn Wilson Assistant Attorney General